# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SUNFLOWER ELECTRIC POWER CORPORATION,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )    **Case No. 04-1003-WEB** |
| **CLYDE BERGEMANN, INC.,** | )<br>)<br>) |
| **Defendant.** | )<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel interrogatory answers and document production (Doc. 64). As explained in greater detail below, plaintiff's motion shall be GRANTED.[1]

**Interrogatory Nos. 1-4**

Defendant explains that it mistakenly confused the issues raised in plaintiff's motion to compel with other discovery requests and that defense counsel will contact defendant's representatives in an attempt to provide additional responses to the interrogatories. Accordingly, plaintiff's motion to compel answers to Interrogatory Nos. 1-4 is GRANTED.

---

[1] Plaintiff seeks only the production of the requested information and expressly requests that the court impose no sanctions.

**Interrogatory No. 5**

Interrogatory No. 5 asks defendant to (1) identify the acts or omissions of Applied Synergistics, Inc. (ASI) which defendant alleges constitute comparative fault and (2) state how each act or omission affected boiler efficiency. Defendant responded that the control system (provided by ASI) was an integral part of the boiler cleaning system and determined (1) when the water cannons operated, (2) what was cleaned, and (3) to what degree. Because the controller directed the timing, scope, and location of the water cannons, defendant argues that any "fault" or deficiency with the boiler cleaning system should be attributed to ASI.

Plaintiff moves to compel, arguing that defendant has not explained what was/is wrong with ASI's controller. The court agrees. Defendant's vague answer fails to describe any problem with ASI's control system. Because defendant attributes problems with the cleaning system to ASI, defendant must explain the specific defect or problem with ASI's controller. Accordingly, plaintiff's motion to compel Interrogatory No. 5 is GRANTED.

**Production Request No. 1**

Plaintiff requests copies of all ASI price lists provided to defendant from 1997 to 2003. Defendant produced the price list and invoices for the controllers used at plaintiff's Holcomb plant but refused to produce any other price lists, arguing that requests for pricing information provided to other customers is overly broad and lacks relevance. However, the court is satisfied that plaintiff has established relevance and that the request is not overly broad. One of defendant's defenses to plaintiff's claims is that ASI is a separate company and if the boiler cleaning system did not work correctly, the fault is with the controller provided

-2-

by ASI. The pricing information requested by plaintiff may counteract this argument by showing that ASI and defendant had a long-term relationship and exclusive marketing agreement. Therefore, plaintiff's motion to compel Production Request No. 1 is GRANTED.

### Production Request Nos. 1-4

Defendant argues that it has produced the documents sought in Production Request Nos. 1-4 in the "thousands of documents initially produced pursuant to Rule 26" and that it would be burdensome to identify which documents are responsive to the specific requests. Plaintiff counters that defendant should identify the documents responsive to the production requests.

Defendant's argument reveals a fundamental misunderstanding of its discovery obligations under Fed. R. Civ. P. 34. Under the rule, a party who produces documents in response to a production request "shall produce them as they are kept in the usual course of business or *shall organize and label them to correspond with the categories in the request*." Rule 34(b) (emphasis added). A response that the documents requested are "in the thousands of documents produced" is inadequate. Therefore, plaintiff's motion shall be GRANTED and defendant must identify the documents responsive to each production request by Bates-stamp.

### Production Request No. 5

Initially, defendant did not specify the documents responsive to this request. However, in response to plaintiff's motion, defendant has identified the documents and this request is MOOT.

### Production Request No. 8

This request seeks copies of all calculations or projections of boiler performance for

defendant's customers on Charles Breeding's computer hard-drive.[2]  Defendant asserts that it has produced the data and calculations leading up to the most recent purchase of water cannons by plaintiff.  However, defendant objects to producing any calculations after the last sale to plaintiff (March 2002), arguing that such calculations are "beyond the scope of discovery."

Defendant's view of scope of discovery is too narrow.  At a minimum, the latter information may reflect a change in Breeding's methodology for calculating boiler performance and show that the projections and representations to plaintiff were erroneous. Accordingly, the motion to compel Production Request No. 8 shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (Doc. 64) is **GRANTED.**  Defendant shall answer the interrogatories and produce the requested documents, consistent with this opinion, on or before **March 10, 2005**.

Dated at Wichita, Kansas this 23rd day of February 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[2] Breeding is defendant's "Chief Boiler Engineer." Breeding testified at his deposition that he performed boiler calculations for defendant's customers and maintained the data on his computer.