# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Sunflower Electric Power Corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 04-1003-WEB |
| Clyde Bergemann, Inc., ) ) | |
| Defendant. ) ) | |

## ORDER

Now before the Court is Defendant's motion requesting one of the following: 1) a clarification of the Court's August 3rd Order denying summary judgment; or 2) a designation of the Order as final and appealable under Federal Rule of Civil Procedure 54(b); or 3) a certification of the issue to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).

Defendant seeks clarification of this Court's August 3rd Order to determine if the Court intended to dismiss the statute of limitations defense and prohibit Defendant from introducing any evidence or making any argument based upon the statute of limitations. (Doc. 90). Defendant argues that a dismissal of Defendant's statute of limitations defense is tantamount to a summary judgment in favor of Plaintiff. (Doc. 94 at 2). Defendant's interpretation of the Court's August 3rd Order is incorrect. Conspicuously absent from this Court's August 3rd Order is any statement granting summary judgment for Plaintiff. (Doc. 90 at 25). The Order also states:

> Plaintiff has made a sufficient showing that Defendant represented that the FEGT could be further reduced if Sunflower bought two additional cannons. Plaintiff has shown it relied on these

representations, as Sunflower did in fact purchase the additional two water cannons to lower the FEGT. Therefore, Defendant is equitably estopped from asserting the statute of limitations as a defense.

(Doc. 90 at 15-16) (internal citations omitted).

In the above paragraph, the Court denied Defendant's motion for summary judgment based on a defense of statute of limitations because Plaintiff introduced evidence showing that there is a genuine issue of material fact regarding equitable estoppel. The Court is well aware that the facts involving equitable estoppel are contested and are appropriately resolved by the trier of fact. Therefore, to rectify the erroneous interpretation of this Court's Order, the Court states that Defendant's statute of limitations defense has not been dismissed and evidence regarding the statute of limitations and equitable estoppel may be raised at trial.

It is therefore ORDERED that Defendant's motion (Doc. 93) be GRANTED in part as to clarification and DENIED in part as to the request for the order to be final under Federal Rule of Civil Procedure 54(b) and the request to certify the issue to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).

SO ORDERED this 18th day of August 2005.

          s/ Wesley E. Brown

          Wesley E. Brown, U.S. Senior District Judge